IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Danielle Smith § | |
| § | Civil Action No. |
| V. § | |
| § | 4:23-cv-01036-P |
| The Lincoln National Life Insurance Company § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Danielle Smith** (hereinafter Plaintiff) complaining of and about **The Lincoln National Life Insurance Company** (hereinafter Defendant) and for cause of action shows unto the Court the following:

**JURISDICTION and VENUE**

1.      Pursuant to 28 U.S.C. §1332, the subject matter in controversy is within the jurisdictional limits of this court in that the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties.

2.      Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (b) because it is where the insured resides.

**SERVICE**

3.      Defendant **Lincoln National Life Insurance Company, The,** is an insurance company, doing business in the State of Texas.  Said Defendant has answered this lawsuit.

**AGENCY AND VICARIOUS LIABILITY**

4.      Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of

Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

## NOTICE

5.  Notice:  Plaintiff has completed all pre-suit requirements before filing this lawsuit.

## FACTS

6.  Plaintiff is the daughter and beneficiary of an accidental death policy of life insurance, insuring the life of Ariane Smith (Ariane).

7.  On December 19, 2022, Ariane had a surgery to treat a hernia.

8.  During the hernia surgery, the surgeon perforated Ariane's bowel causing her death three days later on December 22, 2022.

9.  Defendant denied Plaintiff's claim for accidental death benefits based on the assertion that the death was the sequential result of a car wreck occurring on June 24, 2021, and that the policy at issue required death to occur within 365 days of the accident.

10. The reason Ariane died is because the surgeon perforated her bowel during a surgical procedure.

## BREACH OF CONTRACT

11. Plaintiff incorporates herein all the FACTS as set forth above.

12. Defendant's conduct in this matter appears to be in Breach of Contract.

13. There is a valid, enforceable contract of insurance between Plaintiff, as the policy beneficiary and Defendant.

14. Plaintiff is a proper party to bring this lawsuit against Defendant.

15. Plaintiff has performed under the contract by paying premiums and cooperating with the investigation and supplying necessary information.

16. Defendant breached the contract by not providing benefits.

17. The breach of the contract has caused injury to Plaintiff.

**DAMAGES**

18.     Plaintiff incorporates herein all the FACTS as set forth above.

19.     Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

   a)  Actual damages

**ATTORNEY'S FEES**

20.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:  (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

**PRE-JUDGMENT and POST JUDGMENT INTEREST**

21.     As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that Plaintiff is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

22.     Further, Plaintiff will show that Plaintiff is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

**COSTS OF SUIT**

23.     In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

24.   Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

**REQUEST FOR JURY TRIAL**

25.   Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

### PLEADING IN THE ALTERNATIVE

**I.    Jurisdiction and Venue**

A.    Plaintiff incorporates herein all the FACTS as set forth in the pleadings.

B.    This action against Defendant arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, et. seq.

C.    This Court has jurisdiction over this action pursuant to 29 U.S.C., §1132(e)(1).

D.    Venue is proper in this District pursuant to 29 U.S.C., § 1132(e)(2), because this is where the insured resides.

**II.    Additional Factual Background**

A.    Ariane Smith (Ariane) had an employee benefit plan (Plan) with his employer that provided Life Insurance benefits for its employees.

B.    The Plan is alleged to be subject to ERISA.

C.    At all times pertinent, Ariane was an employee and was a participant of the Plan, within the meaning of 29 U.S.C., §1002(7).

D.    Plaintiff is the daughter and beneficiary of an accidental death policy of life insurance, insuring the life of Ariane.

E.    On December 19, 2022, Ariane had a surgery to treat a hernia.

F.    During the hernia surgery, the surgeon perforated Ariane's bowel causing her death three days later on December 22, 2022.

G.    Defendant denied Plaintiff's claim for accidental death benefits based on the assertion that the death was the sequential result of a car wreck occurring on June 24, 2021, and that the policy at issue required death to occur within 365 days of the accident.

H.    The reason Ariane died is because the surgeon perforated her bowel during a surgical procedure.

I.    Plaintiff has sought from Defendant copies of Plan documents that would prove the Plan does comply with the requirements of it being an ERISA plan.

### III.    Claim For Relief

A.    Plaintiff has complied with Plaintiff's obligations to make proof of claim in accordance with the Plan's requirements and with subsequent appeals.

B.    The Defendant is not granted discretion or such discretion is void under Texas law. The standard of review is de novo and Defendant's decision to terminate Ariane's benefits was arbitrary and capricious.

C.    In the alternative, Defendant's decision to terminate Ariane's benefits was arbitrary and capricious.

D.    Pursuant to 29 U.S.C., § 1132(a)(1)(B), Plaintiff seeks from Defendant benefits that have not been paid to Plaintiff.

### IV.    Attorney's Fees Pursuant To 29 U.S.C. § 1132(g)(1) Against Defendant

Pursuant to 29 U.S.C., §1132(g)(1), Plaintiff seeks an award of Plaintiff's reasonable and necessary court costs, and attorney's fees in connection with the prosecution of this action.

In the Alternative,

### REQUEST FOR RELIEF - CLAIM FOR BENEFITS UNDER THE POLICY

A.    Plaintiff incorporates herein all the facts as set forth above.

B.    Plaintiff is entitled to both Life Insurance benefits under the Plan because there are no applicable exclusions.

C. Plaintiff has complied with Plaintiff's obligations to make proof of claim in accordance with the Plan including the appeal provisions.

D. The standard of review is *de novo* as the Defendant is not granted discretion and/or such discretion is voided by Texas Law §28 Tex Admin. Code §3.1201 *et seq*. Defendant's decision to deny Plaintiff's claim was wrong.

E. In the alternative, Defendant's decision to deny Plaintiff's claim was arbitrary and capricious particularly after receiving the materials Defendant received on Plaintiff's appeal.

F. Pursuant to 29 U.S.C. §1132(a)(1)(B), Plaintiff seeks from Defendant those benefits, which have not been paid to Plaintiff.

**PRAYER**

Wherefore, Plaintiff requests that the Court order:

a) Defendant to pay Plaintiff the full benefits that were incurred and unpaid at the time of trial;

b) Defendant to pay Plaintiff's reasonable attorney's fees incurred in pursuing recovery of benefits owed to Plaintiff;

c) Defendant to pay Plaintiff pre-judgment and post-judgment interest, and

d) The Plaintiff to recover the cost of this action and such other and further relief as the Court may deem proper under the circumstances.

SIGNED on October 18, 2023.

Respectfully submitted,

/s/   Mark S. Humphreys
Mark S. Humphreys   - SBOT #00789762

MARK S. HUMPHREYS, P.C.
211 South Rusk Street, Weatherford, TX 76086
Tel.  (972) 263-3722   *   Fax.  (972) 237-1690
Email:  texaslaw94@yahoo.com
**Attorney For Plaintiff**

**CERTIFICATE OF SERVICE**   I hereby certify by my signature above that a true copy of the foregoing instrument was on October 18, 2023, forwarded to defense counsel via ECF notification.