UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DANIELLE SMITH,**

   Plaintiff,

v.                                                                                              No. 4:23-cv-01036-P

**THE LINCOLN NATIONAL LIFE INSURANCE
COMPANY,**

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint, filed November 1, 2023. ECF No. 7. For the following reasons, the Court will **GRANT** Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint.

## BACKGROUND

This case concerns a life insurance policy. Plaintiff is the daughter and beneficiary of an accidental death life insurance policy ultimately acquired through Defendant. Plaintiff sued to recover benefits and alleges that Defendant wrongfully denied her claim for benefits.

Defendant brought a Partial Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on November 1, 2023, to dismiss claims that are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), the vehicle through which Plaintiff brings her action. Plaintiff did not file a response to the Motion.

## LEGAL STANDARD

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## ANALYSIS

### A. Plaintiff's Claim for Breach of Contract is Preempted by ERISA

It is settled law that ERISA preempts all state law claims that "relate" to an ERISA plan. *See FMC Corp. v. Holiday*, 498 U.S. 52, 58 (1990). This is true regardless of how such claims are pled by a plaintiff. *Id.* Here, it is clear from Plaintiff's Amended Complaint and from the insurance plan itself that the insurance plan in question is an ERISA plan. *See* ECF Nos. 4, 1-4. And, as Defendant properly points out, the only conduct at issue is Defendant's denial of the plan. *See* ECF Nos. 4, 8. Since Plaintiff is also bringing a breach of contract claim under the plan, *see* ECF No. 4, and breach of contract claims are state law claims, Plaintiff's claim is thus preempted by ERISA. *See Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, n.34 (5th Cir. 2004) (ERISA preempts any state law breach of contract claims in ERISA suit for benefits); *see*

*also Light v. Blue Cross and Blue Shield of Ala., Inc.*, 790 F.2d 1247, 1248–49 (5th Cir. 1986) (state law-based causes of action preempted).

Further, Plaintiff's state law cause of action is asserting improprieties related to processing of her insurance claim. *See* ECF No. 4. As noted, since this plan is an ERISA plan, any related cause of action will be preempted by ERISA. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 55–56 (1987) ("all suits brought by beneficiaries asserting improper processing of claims under ERISA-regulated plans [will] be treated as federal questions governed by [ERISA's civil enforcement mechanisms].")

Accordingly, the Court must **GRANT** Defendant's Motion to Dismiss as to Plaintiff's state law cause of action.

**B. Plaintiff is Not Eligible for Compensatory Damages**

Given this Court is holding that this suit falls under ERISA, and Plaintiff is unable to bring state-law claims, Plaintiff is only eligible for relief under ERISA. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 944 (5th Cir. 1999). A plaintiff cannot receive compensatory damages under ERISA. *See Mertens v. Hewitt Assocs*, 508 U.S. 248 (1993); *see also Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 147–48 (1985).

Accordingly, Plaintiff is not entitled to any recovery or benefit that is not expressly outlined in her ERISA-controlled plan, including compensatory damages. The Court thus **STRIKES** Plaintiff's demand for compensatory damages (ECF No. 4 at 3).

## CONCLUSION

For the reasons stated above, The Court **GRANTS** Defendant's Partial Motion to Dismiss (ECF No. 7) and Plaintiff's claims are limited to those available through ERISA. Further, The Court **STRIKES** Plaintiff's demand for compensatory damages as compensatory damages are not available in ERISA claims.

Lastly, since only ERISA claims remain in this matter, a trial by jury is no longer available and the Court **STRIKES** any such request for one. *See Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994) (Majority

of circuits have held that ERISA claims do not entitle a plaintiff to a jury trial).

**SO ORDERED** on this **13th day of February 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE